**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

JOSH LAMAR HAYNES                                                                                      PLAINTIFF

v.                                              1:12-cv-00119-BSM-JTK

DAVID LUCAS, et al.                                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I. Introduction**

Plaintiff Josh Haynes is an inmate confined at the White County Detention Facility (Jail). He filed this pro se 42 U.S.C. § 1983 action against Defendants Sheriff David Lucas and Jail Administrator Mike Smith, claiming they imposed a $25,000 bond on him following his arrest for failure to pay child support in November, 2012.

By Order dated November 21, 2012 (Doc. No. 3), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit. However, finding his complaint too vague and conclusory to enable the Court to determine whether it was frivolous, malicious, or failed to state a claim, the Court provided Plaintiff with the option of submitting an Amended Complaint, which he now has filed (Doc. No. 4).

**II.     Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III.    Facts and Analysis**

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114,

1118 (E.D.MO 1993). Plaintiff's allegations in his Amended Complaint mirror those in his Original Complaint: 1) he was incarcerated at the Jackson County Jail from June, 2012, through August, 2102, and was released from a $25,000 cash bond; 2) he was incarcerated at the White County Jail from August, 2012, through mid-September, 2012, on a cash bond of $1,250, and was released after posting ten percent; 3) he was stopped for speeding on November 1, 2012, at which time he was arrested for failure to pay child support and jailed at White County, where Defendants placed on him a $25,000 bond for the same charge as in Jackson County. Plaintiff asks for monetary damages, dismissal of all charges, and release from Jail (Doc. No. 4, pp. 4-6).

The Court remains unclear about Plaintiff's claims and what constitutional rights Defendants violated. In addition, to the extent that he is challenging matters relating to an on-going state criminal proceeding, the Court finds that the relief sought by Plaintiff cannot be granted at this time, as barred by Younger v. Harris, 401 U.S. 37 (1971). In Younger, the United States Supreme Court held that absent special circumstances, federal court relief should not interfere with a pending state court criminal proceeding. In addition, to the extent that Plaintiff is challenging an allegedly unlawful continued incarceration and seeks immediate release from prison, the Court finds that he is, in effect, challenging the length or duration of his confinement. This relief is only available, however, through a petition for writ of habeas corpus after first exhausting state remedies. See Wilson v. Lockhart, 949 F.2d 1051 (8th Cir. 1991). Plaintiff does not indicate in his complaint that such state remedies have been pursued.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1)  Plaintiff's Complaint against Defendants be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2) This dismissal be considered a "strike" within the meaning of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).[1]

3) The Court certify, pursuant to 28 U.S.C. §1915(a)(3), that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be in good faith.

IT IS SO RECOMMENDED this 14th day of January, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. In addition, in Holt v. Beebe, the Court dismissed without prejudice an action pursuant to Younger, and directed that it be counted as a strike. No. 4:09cv00776BSM, 2010 WL 143699 (E.D.Ark. 2010).